# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**MARK STINSON**
Reg. #29908-076                                                                                              **PETITIONER**

V.                             NO. 2:21-CV-00164-BSM-ERE

**JOHN P. YATES,**
**Warden**                                                                                                    **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

**I.     Summary**

Pending before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Mark Stinson, a federal prisoner incarcerated in Forrest

City, Arkansas.[1] Mr. Stinson challenges the validity of his conviction but fails to show that a remedy under 28 U.S.C. § 2255 is inadequate or ineffective. The Court therefore recommends that the Petition be denied for lack of jurisdiction.

## II. Background

A jury in the Western District of Tennessee found Mr. Stinson guilty of conspiracy to defraud the United States, failure to pay over payroll taxes, submitting false statements on a tax document, theft of government funds, and identity theft, and the district court imposed a 75-month prison term. *United States v. Stinson*, 761 F. App'x 527, 528-29 (6th Cir. 2019). On appeal, Mr. Stinson challenged the district court's failure to sever charges, and the Sixth Circuit affirmed. *Id*.

While his direct appeal was pending, Mr. Stinson filed a motion to vacate, set aside or correct his sentence under § 2255, asserting that his trial attorney rendered ineffective assistance in several respects. Motion to Vacate, *Stinson v. United States*, No. 2:18-cv-02807-JTF-cgc (W.D. Tenn. Nov. 20, 2018), ECF No. 1. On May 3, 2021, the sentencing court denied relief under § 2255, and certified that an appeal would not be taken in good faith. Order & J., *Stinson v. United States*, No. 2:18-cv-02807-JTF-cgc (W.D. Tenn. May 3, 2021), ECF Nos. 23, 24. Mr. Stinson appealed

---

[1] This is the fourth § 2241 petition filed by Mr. Stinson. See *Stinson v. Yates*, No. 2:21-cv-114-DPM-ERE (E.D. Ark.); *Stinson v. Yates*, No. 2:21-cv-00025-BSM-JTK (E.D. Ark.); *Stinson v. Hendrix*, No. 2:19-cv-00016-BSM-JTK (E.D. Ark.).

that decision, and the appeal is currently pending.[2]

On December 7, 2021, Mr. Stinson filed the § 2241 petition in this case. *Doc. 1*. As grounds for relief, he claims that: (1) his trial counsel rendered ineffective assistance in several respects; (2) the trial court erred by denying his motion to discharge his lawyer; and (3) the prosecution engaged in misconduct. By way of relief, Mr. Stinson seeks immediate release from prison and $30,000,000.

**III. Discussion**

District courts are required to conduct an initial review in § 2241 cases to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See Rules 1, 4 Rules Governing § 2254 Cases in the United States District Courts. In conducting this review, the district court has a duty to decide whether it has subject matter jurisdiction to entertain the petition, see *Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*"), and "may take judicial notice of judicial opinions and public records." *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir.1999)).

---

[2] On July 13, 2021, the Sixth Circuit granted Mr. Stinson's motion to dismiss the appeal, but on October 8, 2021, it granted his motion to reinstate the appeal. Order Granting Mot. to Dismiss Appeal, *Stinson v. United States*, No. 21-5535 (6th Cir. July 13, 2021); Order Granting Mot. to Reinstate Case, *Stinson v. United States*, No. 21-5535 (Oct. 8, 2021).

A challenge to the lawfulness of a federal conviction and sentence generally must be made in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside, or correct. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); see also 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

A limited exception to this rule is found in the "savings clause" of § 2255(e), which permits a federal court in the district of incarceration to entertain a § 2241 habeas petition challenging the validity of a conviction or sentence *only if* "it also appears that the remedy by [§ 2255] motion [to the sentencing court] is inadequate or ineffective to test the legality of his detention." *See United States ex rel. Perez v. Warden, FMC Rochester,* 286 F.3d 1059, 1061-62 (8th Cir. 2002) (describing the exception as a "narrowly-circumscribed 'safety valve'"). A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, *Lopez-*

*Lopez*, 590 F.3d at 907, and the record in Mr. Stinson's § 2255 proceedings confirms that he cannot make that showing.[3]

First, Mr. Stinson's § 2255 motion filed in the sentencing court included the same ineffective assistance of counsel claims he raises here, and his appeal in that case is still pending. Thus, he cannot presently show that § 2255 is inadequate or ineffective as to those claims.

Second, the Eighth Circuit has held "that § 2255 is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand" and failed to do so. *Abdullah v. Hedrick*, 392 F.3d 957, 963 (8th Cir. 2004) (citing *See Hill v. Morrison,* 349 F.3d 1089, 1092 (8th Cir. 2003) (holding that § 2255 is not inadequate or ineffective where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court"). Mr. Stinson does not allege that he lacked opportunity to bring additional claims of trial error and prosecutorial misconduct sooner. The sentencing court record demonstrates that he had ample opportunity to present his claims to the sentencing court. The Western District of Tennessee dismissed a second § 2255 petition that Mr. Stinson attempted to file while his original petition was pending. Mr. Stinson's second petition included claims of prosecutorial misconduct, which the district court dismissed "without

---

[3] Without providing any factual basis, Mr. Stinson charges that his § 2255 remedy was inadequate "because of trial court fraud and misrepresentation with malicious intent, will not allow justice to prevail and conspiracy." *Doc. 2 at 4*.

prejudice to Stinson's right to raise his claims in [the original § 2255 proceeding]." Order Dismissing Second Petition, *Stinson v. United States*, No. 2:21-cv-02065-JTF-ATC (W.D. Tenn. Feb. 1, 2021).

## IV.   Conclusion

Mr. Stinson's § 2241 habeas petition directly challenges the validity of his conviction and sentence in the United States District Court for the Western District of Tennessee. Because § 2255(e)'s saving's clause does not apply, this Court lacks jurisdiction over his petition in this case.

IT IS THEREFORE RECOMMENDED that Petitioner Mark Stinson's § 2241 Petition for Writ of Habeas Corpus (*Doc. 1*) be DISMISSED WITHOUT PREJUDICE.

Dated this 9th day of December, 2021.

_____
UNITED STATES MAGISTRATE JUDGE